WEINBERG, ROGER & ROSENFELD

ASHLEY K. IKEDA   2955-0
JERRY P.S. CHANG 6671-0
Central Pacific Plaza
220 South King Street, Suite 901
Honolulu, Hawaii  96813
Telephone No.:  (808) 528-8880
Facsimile No.:   (808) 528-8881
e-mail:  aikeda@unioncounsel.net
             jchang@unioncounsel.net

Attorneys for Plaintiffs
TRUSTEES OF THE AFL HOTEL AND RESTAURANT
WORKERS HEALTH AND WELFARE TRUST FUND
and HOTEL UNION AND HOTEL INDUSTRY OF HAWAII
PENSION TRUST FUND

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AFL HOTEL AND RESTAURANT WORKERS HEALTH AND WELFARE TRUST FUND, by its Trustees, Eric Gill, Rosario Baniaga, Doryne Jardine, Kevin Gleason, Julie Walker and Julie Nakayama, and the HOTEL UNION AND HOTEL INDUSTRY OF HAWAII PENSION TRUST FUND, by its Trustees, Eric Gill, Rosario Baniaga, Daniel Kerwin, Kevin Gleason, Cyrus Oda and Julie Walker,<br><br>              Plaintiffs,<br><br>   vs. | CIVIL NO.  19-00439 JAO-WRP<br><br>**FIRST AMENDED COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES; EXHIBITS "A" – "E"; SUMMONS** |

```
DIAMOND RESORTS                        )
INTERNATIONAL, INC., a Delaware        )
corporation; DIAMOND RESORTS           )
WAIKIKI DEVELOPMENT, LLC, a            )
Delaware limited liability company; and )
RESORT MANAGEMENT                      )
INTERNATIONAL, INC., a California      )
corporation, dba THE MODERN            )
HONOLULU                               )
                    Defendants.        )
                                       )
```

## FIRST AMENDED COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES

Come now Plaintiffs above-named by their attorneys, Weinberg, Roger & Rosenfeld, and for Complaint against Defendants above-named allege and aver as follows:

### FIRST CAUSE OF ACTION
### SPECIFIC PERFORMANCE

1.      Plaintiffs are the Trustees of the AFL HOTEL AND RESTAURANT WORKERS HEALTH AND WELFARE TRUST FUND ("HW FUND") and the HOTEL UNION AND HOTEL INDUSTRY OF HAWAII PENSION TRUST FUND ("PENSION FUND") (collectively "Plaintiffs" or "Trust Funds").

2.      This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully

appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. § 185(a), 1145, and 1132(a) and (f).

3.  At all times material herein, each of the above-named Trust Funds (sometimes referred to as "Plaintiffs") was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. § 186) and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. § 1002 and 1003).

4.  Plaintiffs are informed and believe, and thereon allege, that at times relevant herein Defendant DIAMOND RESORTS INTERNATIONAL, INC., (hereinafter "Diamond Resorts" or "Defendant DIAMOND RESORTS"), was, and is, a Delaware corporation, doing business in the State of Hawaii.

5.  Plaintiffs are informed and believe, and thereon allege, that at times relevant herein Defendant DIAMOND RESORTS WAIKIKI DEVELOPMENT, LLC (hereinafter "DR Waikiki" or "Defendant DR WAIKIKI";

collectively with Diamond Resorts as "Diamond Entities") is a Delaware limited liability company, doing business in the State of Hawaii.

6. Plaintiffs are informed and believe, and thereon allege, that at times relevant herein Defendant RESORT MANAGEMENT INTERNATIONAL, INC., (hereinafter "Resort Management" or "Defendant RESORT MANAGEMENT") is a California corporation, doing business in the State of Hawaii as THE MODERN HONOLULU.

7. On or about September 12, 2013 and October 1, 2013, Modern Management Services, LLC, dba Modern Hotel Honolulu, (hereinafter "Modern Management") by and through its Managing Director, Gerald Glennon, made, executed and delivered to UNITE HERE LOCAL 5 (hereinafter "Union"), those certain written agreements, entitled "Collective Bargaining Agreement Between Unite Here Local 5 and Modern Management Services, LLC October 1, 2013 through December 31, 2018" and ratified on September 26, 2013, "Memorandum of Agreement" dated September 12, 2013, and "Door Attendant Side Letter" dated September 12, 2013 (collectively "Agreement"), respectively. True copies of said Agreement are attached hereto as Exhibit "A" and are incorporated herein by reference. By said Agreement, Modern Management was bound to the AFL HOTEL AND RESTAURANT WORKERS HEALTH & WELFARE TRUST FUND's and the HOTEL UNION AND HOTEL INDUSTRY OF HAWAII

4

PENSION TRUST FUND's Trust Agreements establishing the Plaintiffs as employee benefits plans. By said Agreement Modern Management agreed, effective October and November 2016, and on or after January 1, 2017, as to the HW FUND, and January 1, 2018, as to the PENSION FUND, to submit monthly contributions to the Trust Funds, at contribution rates based on the "Kyo-Ya Waikiki hotel contribution rates per hour for each compensable hour earned by each employee covered by the terms of this Agreement."

      a. Specifically, as to the HW FUND, 41.2, of the Agreement provides:

> **C.** Effective on or after July 1, 2018, the Employer shall be required to contribute monthly on or before the fifteenth (15th) day of each month a sum equal to **Ninety percent (90%)** of the Kyo-Ya Waikiki hotel contribution rate per hour for each compensable hour earned by each employee covered by the terms of this Agreement. The monthly contributions for July 2018 shall be for all compensable hours earned by each employee for June 2018.
>
> **D.** Effective on or after January 1, 2019, the Employer shall be required to contribute monthly on or before the fifteenth (15th) day of each month a sum to **One Hundred percent (100%)** of the Kyo-Ya Waikiki hotel contribution rate per hour for each compensable hour earned by each employee covered by the terms of this Agreement. The monthly contributions for January 2019

>shall be for all compensable hours earned by each employee for December 2018.

      b.    And, as to the PENSION FUND, SECTION 42.2 of the Agreement provides:

>**B.**    Effective July 1, 2018, based on June 2018 hours, the Employer shall contribute monthly to the Fund on or before the fifteenth (15th) day of each month a sum equal to **Eighty percent (80%)** of the Kyo-Ya Waikiki hotel contribution rate per hour for each compensable hour earned by each employee covered by the terms of this Agreement.

A true copy of the May 2, 2019 letter with the Kyo-Ya Waikiki hotel contribution rates effective July 1, 2018 is attached hereto as Exhibit "B".

      8.    By said agreement(s), Modern Management promised to contribute and pay to the Trust Funds certain amounts for employee benefits, for work performed by Modern Management's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said agreement(s). By said agreement(s), Modern Management promised to submit timely reports to the Trust Funds regarding hours worked by Modern Management's covered employees, which reports would be submitted to the Trust Funds on or before the due dates as specified in said agreement(s) and to permit

6

audits of its payroll records to allow Plaintiffs to ascertain whether all contributions due have been paid.

9. By said agreement(s), Modern Management agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Modern Management would pay to each trust fund liquidated damages in the amount of ten percent (10%) of the contributions due to each respective fund or twenty-five dollars ($25.00), whichever is greater, for each and every delinquent monthly contribution as provided by said agreement(s), for each delinquency as and for liquidated damages and not as a penalty.

10. By virtue of said agreement(s) and 29 U.S.C. § 1132(g), Plaintiffs are entitled to an award of liquidated damages equivalent to interest at the rate prescribed in said agreement(s), of 7% per annum, or under 26 U.S.C. § 6621, whichever is greater, on any unpaid contributions, such amount to be in lieu of the above-mentioned liquidated damages, if such amount is greater than the above-mentioned liquidated damages.

11. By virtue of said agreements, Plaintiffs are entitled to an award of interest at the rate prescribed under said agreement(s), of 7% per annum, on contributions and liquidated damages unpaid by the first day of the month

following the month in which they are due or interest on any unpaid contributions under 26 U.S.C. § 6621, whichever is greater, pursuant to 29 U.S.C. §1132(g).

12. By said agreement(s), the Plaintiffs, or their authorized representatives, may require Modern Management to allow an audit of the payroll books and records of Modern Management to permit Plaintiffs to determine whether the Modern Management is making full payment as required under said agreement(s).

13. As detailed below, pursuant to a purchase agreement for The Modern Honolulu Hotel executed on or about April 18, 2018, Defendants DIAMOND RESORTS, DR WAIKIKI and RESORT MANAGEMENT (collectively "Defendants") assumed the rights and obligations of the said agreements with the Union and Plaintiffs.

14. Plaintiffs have notified Defendants and have demanded that it submit timely payments and reports. The Diamond Entities have communicated with the Plaintiffs, regarding its employee benefit contribution obligations and rates per the agreement(s), but Defendants have otherwise failed, neglected and refused submit timely correct payments and reports.

15. Defendants now continues to fail, neglect and refuse to submit timely correct payments and reports, and unless ordered to specifically perform the agreement(s) to submit timely correct payments and reports, Defendants would

continue to fail, neglect and refuse to submit timely correct payments and reports. Plaintiffs have no plain, speedy and adequate remedy at law in that the reports must be prepared by Defendants and said Defendants' continued refusal to submit timely correct payments and reports would give rise to a multiplicity of suits unless said Defendants are ordered to submit timely correct payments and reports pursuant to said agreement(s).

## SECOND CAUSE OF ACTION
### (SUCCESSOR, SINGLE AND/OR JOINT EMPLOYER LIABILITY)

16. Plaintiffs reallage and incorporate by reference each and every allegation set forth in paragraphs 1 through 15 of the First Cause of Action herein set forth.

17. On February 27, 2018, M Waikiki LLC, a Hawaii limited liability company ("M Waikiki") sent a letter to Diamond Resorts stating that pursuant to a certain Agreement of Purchase and Sale dated January 30, 2018, M Waikiki agreed to sell The Modern Honolulu Hotel to Diamond Resorts which it agreed to purchase. Sale was expected to be completed by April 30, 2018. The agreement provided that upon closing of the sale, an "'Assignment and Assumption of Collective Bargaining Agreement' ("CBA Assignment") in the form attached hereto as <u>Exhibit A</u> and an "Assignment and Assumption of Letter of Agreement" ("LOA Assignment") in the form attached hereto as <u>Exhibit B</u> will be executed

and delivered by the respective parties thereto, or, in the case of Purchaser, by an affiliate thereof or by Purchaser's manager of the Hotel. Fully executed copies of the CBA Assignment and LOA Assignment will be delivered to UNITE HERE! Local 5 ("Union") after closing of the sale." Attached herein as Exhibit "C" is a true and correct copy of the February 27, 2018 letter with attachments.

18. The CBA Assignment noted the purchase agreement between M Waikiki and Diamond Resorts. Pursuant to an "Assignment and Assumption of Agreement of Purchase and Sale," Diamond Resorts assigned all of its rights and obligations under the purchase agreement relating to resort operations to Resort Management. M Waikiki had engaged Modern Management to operate the real property as a full-service boutique hotel known as The Modern Honolulu Hotel, pursuant to a management agreement that would terminate in connection to the sale of the real property. Modern Management was a party to a CBA with the Union. Pursuant to the purchase agreement, M Waikiki and Resort Management agreed that Modern Management shall assign to Resort Management, and Resort Management shall assume all of Modern Management's rights and obligations in, to and under the CBA. The CBA Assignment was executed on April 18, 2018, and a true and correct copy is attached herein as Exhibit "D."

19. The LOA Assignment noted the purchase agreement between M Waikiki and Diamond Resorts. Pursuant to the "Assignment and Assumption of

Agreement of Purchase and Sale," Diamond Resorts assigned all of its rights and obligations under the purchase agreement relating to various assets comprising The Modern Honolulu Hotel to Resort Management and DR Waikiki.  M Waikiki was a party to a LOA with the Union executed on September 13, 2013.  Pursuant to the purchase agreement, M Waikiki, Resort Management, and DR Waikiki agreed that M Waikiki shall assign to Resort Management and DR Waikiki, and they shall assume all of M Waikiki's rights and obligations in, to and under the LOA. The LOA Assignment was executed on April 18, 2018.  A true and correct copy of the LOA Assignment is attached herein as Exhibit "E."

20.   Accordingly, Defendant RESORT MANAGEMENT is the successor employer of Modern Management as that term is understood under federal labor law, and is bound to the said Agreements that Modern Management was bound to with the Union and Plaintiffs.  It is further liable for the amounts described in the Third Cause of Action as owed to Plaintiffs.

21.   Defendant DIAMOND RESORTS is the buyer of The Modern Honolulu Hotel from M Waikiki and agreed to assume M Waikiki's obligations under the LOA, and Modern Management's obligations under the CBA. Defendant DR WAIKIKI is an affiliate of Defendant DIAMOND RESORTS, and assumed from Defendant DIAMOND RESORTS the rights and obligations of the LOA Assignment along with Defendant RESORT MANAGEMENT.  Defendants

DR WAIKIKI and DIAMOND RESORTS (collectively "Diamond Entities") are a single or joint employer as the terms are understood under federal labor law. Since the assumption of the MODERN HONOLULU HOTEL and the Union CBA, see Exhibits "C" – "E", to date, the Diamond Entities have been the only entities that have been responsible for labor relations and communications with the Trust Funds in employer benefit and payment matters regarding The Modern Honolulu Hotel, as an employer. By way of example, on or about January 31, 2019, the Diamond Entities advised the Plaintiffs' Trust Office that it disputed what they believed to be the correct contribution rate to be used by them when making contribution payments to the Trust Office. All payments to the Trust Funds for employee benefit payments during the periods relevant herein have been by Diamond Entities. Thus, the Diamond Entities are bound by said Agreements as a joint or single employer with Defendant RESORT MANAGEMENT. The Diamond Entities and RESORT MANAGEMENT are jointly liable for the amounts described in the Third Cause of Action as owed to Plaintiffs.

## THIRD CAUSE OF ACTION
## (ASSUMPSIT AND DAMAGES)

22. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 21 of the First and Second Causes of Action herein above set forth.

23. By said written agreement(s), Defendants agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by each covered employee. Defendants employed workers covered by the provisions of said written agreement(s), and said workers performed work and labor undertaken by Defendants during the time said agreement(s) were in full force and effect.

24. As a result of the monthly contribution reports submitted by the Defendants covering the periods of June 2018 through July 2019, there is now known to be, due, owing and unpaid to Plaintiffs from Defendant:

    a.    Health & Welfare
          i)    Contributions (6/18 – 7/19 reports): . . . . . . . $101,303.72
          ii)   Liquidated damages
               (6/18 – 7/19 reports): . . . . . . . . . . . . . . . . . . $ 10,130.37
          iii)  Interest (through 8/27/19): . . . . . . . . . . . . . . $   3,214.55
                                                          Sub-total: $114,648.64
    b.    Pension
          i)    Contributions (6/18 – 7/19 reports): . . . . . . . $ 55,206.63
          ii)   Liquidated damages
               (6/18 - 7/19 reports): . . . . . . . . . . . . . . . . . . $   5,520.66
          iii)  Interest (through 8/27/19): . . . . . . . . . . . . . . .$   1,779.08
                                                          Sub-total: $ 62,506.37
                                                                Total: $177,155.01

plus interest at the rate prescribed under the agreement(s) (7%) in the minimum amount of $32.99 per diem after August 27, 2019, plus attorney's fees and costs, for said report periods.

25. Defendants' obligations to Plaintiffs, pursuant to said

agreement(s), to make contributions are continuing obligations and Defendants' may accrue and owe additional amounts plus liquidated damages up to the time of trial or proof.

26. At all times herein mentioned, it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Plaintiffs as a result of the non-payment of said contributions. The amounts agreed upon herein, as herein before alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Plaintiffs by the non-payment of said contributions.

27. By said agreement(s), Defendants further promised that if it became necessary for Plaintiffs to take legal action to enforce payment of contributions and/or liquidated damages from Defendants, Defendants would pay all court and collection costs and reasonable attorneys' fees.

28. By virtue of the foregoing, Plaintiffs have been damaged in the amount of $177,155.01 and such additional amounts as may be proven at trial of hearing on proof.

29. It has been necessary for the Plaintiffs to engage counsel for the purpose of collecting said contributions and liquidated damages, and Plaintiffs are entitled to reasonable attorney's fees in connection therewith.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendants DIAMOND RESORTS INTERNATIONAL, INC., a Delaware corporation; DIAMOND RESORTS WAIKIKI DEVELOPMENT, LLC, a Delaware limited liability company; and RESORT MANAGEMENT INTERNATIONAL, INC., a California corporation, dba THE MODERN HONOLULU, jointly and severally, as to the First, Second, and Third Causes of Action hereinabove set forth, as follows:

1. That the Court order Defendants to submit timely reports and payments in accordance with said agreement(s).

2. That the Court orders Defendants to permit Plaintiffs to audit its payroll books and records for the period of June 1, 2018 through the present in accordance with said agreement(s).

3. That the Court award to Plaintiffs and against Defendants such amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been provided, plus such other amounts as may be due and owing at the time of trial or proof.

4. That the Court award to Plaintiffs and against Defendants interest at the rate prescribed under the agreement(s) of seven percent (7%) on contributions and liquidated damages unpaid by the first day of the month following the month in which they are due or interest on any unpaid contributions under 26 U.S.C. §

6621, whichever is greater, on such amounts determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been permitted, said interest to be calculated as of the date(s) such amounts were due pursuant to said agreement(s).  29 U.S.C. § 1132(g).

  5. That the Court award the Plaintiffs and against the Defendants the sum of $156,510.35 in known contributions and liquidated damages of $15,651.03, plus interest thereon at the rate prescribed under the agreement(s) of seven percent (7%) in the minimum amount of $4,993.63 through August 27, 2019 and at $32.99 per diem from August 27, 2019, plus attorney's fees and costs, based on said monthly contribution reports submitted by the Defendants covering the periods of June 2018 through July 2019.

  6. That the Court award the Plaintiffs and against the Defendants liquidated damages for said monthly reports of the Defendants covering the periods of June 2018 through July 2019, as provided in said agreement(s) of $15,651.03 as requested on Paragraph 5., above, or an amount equal to interest (computed at the rate prescribed under the agreement(s) of seven percent (7%) or 26 U.S.C. § 6621, whichever is greater), on any unpaid contributions due and owing pursuant to said agreement(s), whichever amount is greater.  29 U.S.C § 1132(g).

7. That the Court award the Plaintiffs and against the Defendants such additional amounts as may, by proof, be shown to be due and owing at the time of trial or proof.

8. That the Court award the Plaintiffs and against the Defendants all collection costs, costs of court and reasonable attorney's fees pursuant to said agreement(s) or other laws.  29 U.S.C. § 1132(g).

9. That the Court order and award any further and additional relief as the Court deems proper.

DATED:  Honolulu, Hawaii, September 4                , 2019.

WEINBERG, ROGER & ROSENFELD

/S/ ASHLEY K. IKEDA
By _____
ASHLEY K. IKEDA
JERRY P.S. CHANG
Attorneys for Plaintiffs
TRUSTEES OF THE AFL HOTEL
AND RESTAURANT WORKERS
HEALTH AND WELFARE TRUST
FUND and HOTEL UNION AND
HOTEL INDUSTRY OF HAWAII
PENSION TRUST FUND